# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NNAMDI FRANKLIN OJIMBA,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>B. BIRKHOLZ,<br><br>　　　　　　　Respondent. | Case No. 2:24-cv-06570-HDV (BFM)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 13.) The Report also finds that, to the extent that Petitioner might be alleging a civil rights claim, based on alleged retaliation by a federal officer, conversion of this habeas action to a civil rights action is not warranted. (*Id.* at 4 n.2.) Petitioner's objections to the Report (ECF No. 19) do not warrant a change to the Report's findings or recommendations.

\\

Petitioner objects that the Court should convert this habeas action to a civil rights action and "waive the filing fees." (ECF No. 19 at 1.) The Court declines to convert the action at this time because Petitioner does not understand what conversion would involve. *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016) (*en banc*) (conversion should follow "informed consent" by the prisoner) (citation omitted). Contrary to Petitioner's objection, conversion would not "waive the filing fees." Instead, Petitioner would be required to pay a filing fee of $405, but if he proves he is unable to do so, he would be required to pay a $350 filing fee in installments until it is paid in full. *See* 28 U.S.C. § 1915(b)(1). A civil rights action also would preclude Petitioner from reasserting the claims he raises here, *i.e.*, his challenges to the denial of sentencing credits under the First Step Act and to the validity of his final order of removal from the United States. Thus, if Petitioner wishes to pursue a civil rights action, which would be limited to his retaliation claim or claims challenging conditions of confinement, he must initiate a new action by filing a civil rights complaint accompanied by the $405 filing fee. If he is unable to pay the filing fee, he must file a request to proceed in forma pauperis that demonstrates he is indigent and that includes an authorization to deduct funds from his prison account in installments until the $350 filing fee is paid in full.

Petitioner objects that the final order of removal is invalid in several respects. (ECF No. 19 at 3-6.) As the Report found, the Court lacks jurisdiction to review this claim. (ECF No. 13 at 3.)

Petitioner objects that he is untutored in the law and requests the appointment of counsel. (ECF No. 19 at 7-9.) Petitioner has not shown a "likelihood of success on the merits" or an inability "to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (*per curiam*). Thus, the request is denied.

\\
\\

IT IS ORDERED that (1) the Report and Recommendation is accepted and adopted; (2) the Petition is denied: (3) the habeas action is dismissed with prejudice; and (4) the dismissal of the habeas action is without prejudice to Petitioner filing a civil rights action.

DATED: 04/9/25

_____
HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE